UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-02636-SSC                    Date: May 19, 2026

Title      Garik Muradyan v. Ernesto Santacruz Jr. et al

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|:---:|:---:|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) Order Denying Petitioner's Motion for a Temporary Restraining Order (ECF 3)**

On May 15, 2026, Petitioner Garik Muradyan filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241, seeking immediate release from immigration detention or, alternatively, a custody hearing.  (ECF 1.)  Along with the petition, Petitioner filed a motion for a temporary restraining order (TRO).  (ECF 3.)

On May 16, 2026, the Clerk issued a notice of General Order 26-05, which sets the governing briefing schedule in this case and requires that during the pendency of these proceedings, "Respondent shall provide at least two court days' notice to the petitioner, petitioner's counsel, and the Court of its intent to remove the petitioner from the Central District of California."  (ECF 6 at 2.)  The briefing schedule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:26-cv-02636-SSC                    Date: May 19, 2026

Title        Garik Muradyan v. Ernesto Santacruz Jr. et al

requires Respondents to file an answer to the petition no later than seven days from issuance of the notice.  (*Id.* at 2.)

The Court denies Petitioner's motion for a TRO because the briefing schedule on Petitioner's underlying habeas petition has been expedited and Respondent has been ordered to provide at least two court days' notice of its intent to remove Petitioner from this judicial district such that Petitioner cannot show irreparable harm warranting a TRO during the pendency of his habeas proceedings.  *See Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (the underlying purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing.")  Accordingly, Petitioner's motion for a TRO (ECF 3) is DENIED.

**IT IS SO ORDERED.**

:
Initials of Preparer      **ts**