UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GARIK MURADYAN,

Petitioner,

v.

ERNESTO SANTACRUZ JR, et al.,

Respondents.

Case No. 5:26-cv-02636-SSC

ORDER GRANTING UNOPPOSED HABEAS PETITION

On May 15, 2026, Petitioner Garik Muradyan filed a counseled petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner is an Armenian citizen who is in Immigration and Customs Enforcement (ICE) custody at the Adelanto ICE Processing Center, in Adelanto, California.  (*Id*. at 2.)

The petition alleges the following.  After entering the United States through the CBP One program on October 28, 2023, Petitioner was paroled into the country and lived in the Los Angeles area.  (*Id*. at 2, 8.)  Since then, he was under continuous ICE supervision, attended all required ICE check-ins, complied with the conditions of his supervision, and wore a GPS ankle monitor placed on him as part of the Intensive Supervision Appearance Program.  (*Id*.)  He has never been

arrested, charged, or convicted of any criminal offense and has never failed to appear at any immigration court hearing. (*Id.* at 2, 9.)

On April 30, 2026, Petitioner was re-detained and taken into ICE custody without prior notice, without an opportunity to be heard, without any neutral custody review, and without considering the less restrictive alternatives already in use. (*Id.* at 2, 8.) He has a pending application for asylum and withholding of removal. (*Id.*)

Petitioner claims that his re-detention without a pre-deprivation hearing violations of substantive and procedural due process under the Fifth Amendment. (*Id.* at 9–10.) The petition requests a variety of relief including immediate release and award attorney's fees and costs under the Equal Access to Justice Act.[1] (*Id.* at 10–11.)

On May 26, 2026, Respondents filed a two-paragraph answer that included a statement that "Respondents are not presenting an opposition argument at this time" and that "no more filings or proceedings will be necessary in this matter."[2] (ECF 10 at 2.) Though the deadline for Petitioner's optional reply has not passed, given

---

[1] To recover prevailing-party fees under the EAJA, counsel must file a separate motion for such fees within thirty days of final judgment in the action. *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

[2] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

2

Respondents' statement that they are not presenting an opposition argument, the Court acts ahead of any such reply to avoid delay of relief.

The Court thus construes the § 2241 petition as unopposed. So construed, the petition is GRANTED.

## ORDER

**IT IS ORDERED** that (1) Judgment shall be entered granting the petition and (2) that Petitioner Garik Muradyan be immediately released from ICE custody.

DATED: May 27, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

3